PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1905
_____

UNITED STATES OF AMERICA,
Appellant

v.

THOMAS DAVID WINEBARGER
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 09-cr-00279-001)
District Judge: Honorable Richard P. Conaboy
_____

Argued November 17, 2011

Before: RENDELL, AMBRO and NYGAARD, <u>Circuit</u>
<u>Judges</u>

(Opinion Filed: December 23, 2011)
_____

Stephen R. Cerutti, II, Esq.     **[ARGUED]**
Office of United States Attorney
228 Walnut Street,
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108

Todd K. Hinkley, Esq.
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18503
    *Counsel for Appellant*

Robert A. Hoffa, Esq.     **[ARGUED]**
Campana, Lovecchio & Morrone
602 Pine Street
Williamsport, PA  17701
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____


RENDELL, <u>Circuit Judge</u>.

In this appeal, we are asked to determine what factors a district court may consider when sentencing a defendant below a statutory minimum term of imprisonment in order to take his assistance to the government into account pursuant to 18 U.S.C. § 3553(e).  We hold that a district court cannot use factors unrelated to a defendant's substantial assistance to the government in order to reduce a sentence below the minimum

called for under statute. We will therefore vacate the judgment of sentence and remand for resentencing.

## I. Background

In March 2007, police officers went to the residence of appellee Thomas David Winebarger following complaints they had received of gunshots heard in the area. Winebarger admitted to the officers that he had fired a shot at a tree on his property using a rifle he owned. He claimed he used the gun for hunting. When authorities learned that Winebarger was a convicted felon, he was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Winebarger agreed to plead guilty and to cooperate with the government. He formally entered a plea of guilty on December 22, 2009.

Before sentencing, the U.S. Probation Office prepared a pre-sentence investigation report and determined that Winebarger qualified as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e). As a result, his total offense level was calculated as 30 and his criminal history category as IV, yielding an advisory guidelines range of 135 to 168 months. However, Winebarger's status as a career offender subjected him to a mandatory minimum sentence of 180 months.[1] Winebarger objected to his classification as a career offender, claiming that one of the predicate offenses that the Probation Office considered in

---

[1] Absent the career offender designation, Winebarger's offense level would have been 10, and his criminal history category would have been II, yielding an advisory guidelines range of 8 to 14 months' imprisonment.

3

determining that he is an armed career felon—a 1980 Pennsylvania simple assault conviction—was not a predicate violent felony under 18 U.S.C. § 924(e).  The District Court held a hearing on this issue on October 6, 2010, and took the matter under advisement.

At Winebarger's sentencing, the District Court announced, without explanation, that it was overruling Winebarger's objection and adopting the Probation Office's view that Winebarger qualified as a career offender. However, the Court determined that it was not bound by the 15-year mandatory minimum sentence because the government had filed, under seal, a motion requesting a downward departure pursuant to 18 U.S.C. § 3553(e).  That provision reads:

> **Limited authority to impose a sentence below a statutory minimum.** — Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).  Winebarger had provided information regarding the manufacture and sale of methamphetamine in the Bradford County area of Pennsylvania.  The government also noted the limitations of Winebarger's assistance: he declined requests to engage in undercover investigations or

other more substantial cooperation. In addition, the government commented that Winebarger provided no live testimony and that the information he offered had yielded no new investigations or arrests.

The District Court granted the government's § 3553(e) motion. Acknowledging our decision in *United States v. Torres*, 251 F.3d 138 (3d Cir. 2001), the Court briefly discussed how the factors listed in section 5K1.1 of the sentencing guidelines applied in Winebarger's case. Section 5K1.1 reads:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>    (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>    (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>    (3) the nature and extent of the defendant's assistance;
>    (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. The District Court noted that Winebarger gave the government helpful information, though it led to no extensive investigation. The Court also noted that the government said Winebarger's help was reliable and timely, and that Winebarger's cooperation with the government did not pose a great risk of injury to him.

The District Court then went on to note other factors that influenced it in sentencing Winebarger:

- "most of the [defendant's] criminal conduct" occurred almost thirty years ago (App. 37-38);
- He has "many brothers and sisters and children, but [he is] not close to any of them" (App. 39-40);
- He is a lifelong resident of Bradford county;
- He lives in a trailer with no electricity, running water, telephone or sewer line;
- He receives total disability payments from Social Security;
- He has high blood pressure, congestive heart failure, upper spine problems, and leukemia;
- "Most importantly," imprisoning him "would cost the taxpayers a small fortune, because [he is] a sick person and would require care, even in prison" (App. 41);
- He has few educational or vocational skills;
- His liabilities exceed his assets;
- It is "very questionable" whether he used the gun for which he was charged "in any inappropriate or illegal way" (App. 42).

The Court then imposed a prison sentence of time-served (one month and three days) and five years of supervised release.

The government then made a statement on the record that it believed it was not given an opportunity to give a recommendation with regard to sentencing, but that if it had, it would have recommended a sentence at the bottom of the guidelines range: 135-168 months. The government explained that this recommendation was based on Winebarger's prior record, including crimes committed within the last ten years.

According to the government, it realized shortly after Winebarger's sentencing that the final page of its section 3553(e) motion—in which the government recommended a sentence below the 180-month mandatory minimum but within the 135-168 month guidelines range—was inadvertently not filed with the Court. The government therefore filed a motion pursuant to Fed. R. Crim. P. 35 to correct the sentence, arguing that the sentence reflected a misunderstanding as to its recommendation. The District Court denied that motion and this appeal followed.[2]

## II. Discussion

### A.

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

The government argues that the sentence ordered by the District Court was procedurally unreasonable in that it reduced Winebarger's sentence below the mandatory minimum sentence of imprisonment based on factors unrelated to Winebarger's cooperation with the government. We agree.

When Congress establishes a minimum sentence for a particular crime, district courts are required to sentence defendants guilty of that crime to a term of imprisonment no less than the Congressionally prescribed minimum, unless an explicit exception to the minimum sentence applies. *See United States v. Kellum*, 356 F.3d 285, 289 (3d Cir. 2004); *see also United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009). Section 3553(e) provides one such limited exception to the general rule. *Kellum*, 356 F.3d at 289 (describing §§ 3553(e) and (f) as "narrow exceptions"); *Johnson*, 580 F.3d at 673 ("[W]ithout the *statutory* mandate in § 3553(e), the district court would have no authority whatsoever to depart below the statutory minimum in [defendant's] case."). That the exception is limited is clear from the language of § 3553(e), entitled "Limited authority to impose a sentence below a statutory minimum," which states in part that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence *so as to reflect* a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (emphasis added).[3] It is of paramount importance here that

------

[3] We recognize that the title of § 3553(e) is not controlling or dispositive, but it at least reinforces our view that this statutory provision provides a *limited* exception to a statutory

8

Congress used the language "so as to reflect a defendant's substantial assistance." *Id.* Presumably, Congress could have written the first sentence of § 3553(e) to read, "Upon motion of the Government *indicating that a defendant has given substantial assistance in the investigation or prosecution of another person who has committed an offense*, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence." This, however, was not the language Congress chose. Congress's chosen language explicitly indicates that the reduction below the statutory minimum is to "reflect" a defendant's assistance to the government in investigating and prosecuting other offenders. This language does not give a court carte blanche to sentence a defendant below a statutory minimum sentence based on non-assistance-related factors once it is established that the defendant provided assistance to the government. *See United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007) ("If a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, *see* § 3553(a)(1), then the court exceeds the limited authority granted by § 3553(e)."). It limits the district court to considering factors that "reflect" the defendant's assistance to law enforcement authorities.

---

minimum sentence. *See United States v. Tidwell*, 521 F.3d 236, 246 (3d Cir. 2008) (noting that statutory title reinforces interpretation of text and structure of statute); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007). *But see United States v. A.B.*, 529 F.3d 1275, 1281 n.8 (10th Cir. 2008) (declining to rely on statutory title in holding that a § 3553(e) reduction cannot be based on non-assistance-related factors).

Further evidence of the limited authority that § 3553(e) grants to district courts is found by comparing that provision's language to the text of 18 U.S.C. § 3553(f), the so-called sentencing "safety valve," which states that, if certain conditions are met, "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 *without regard to any statutory minimum sentence*." 18 U.S.C. § 3553(f) (emphasis added).[4] As the First Circuit Court of

---

[4] That provision, in its entirety, reads:

> **Limitation on applicability of statutory minimums in certain cases.** — Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

10

Appeals has noted, "section 3553(f) demonstrates Congress's

> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

11

ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum' case like any other." *United States v. Ahlers*, 305 F.3d 54, 59 (1st Cir. 2002).[5] Upon a finding that the "safety valve" factors are met, a district court is authorized by Congress to sentence the defendant "pursuant to [the sentencing guidelines] without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). This sweeping "without regard" language stands in marked contrast to the "so as to reflect" language of § 3553(e), which is more circumscribed. *See Ahlers*, 305 F.3d at 59. While § 3553(f) instructs district courts to disregard a statutory minimum in appropriate circumstances, § 3553(e) retains the statutory minimum as a reference point and explicitly notes the factor that such a divergence from the reference point should reflect. *See id.*; *United States v. A.B.*, 529 F.3d 1275, 1284 (10th Cir. 2008).

Our interpretation of section 3553(e) is buttressed by section 5K1.1 of the United States Sentencing Guidelines.[6]

---

[5] It is worth noting that subsections (e) and (f) were added to section 3553 by different Congresses. *Compare* Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, § 1007(a), 100 Stat. 3207 (adding subsection (e) to 18 U.S.C. § 3553), *with* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 80001(a), 108 Stat. 1796 (adding subsection (f) to 18 U.S.C. § 3553).

[6] Section 5K1.1 is a Sentencing Commission policy statement that, by its own terms, relates to departures from a *sentencing guidelines range*, but the Supreme Court has recognized its applicability to motions requesting a departure below a

That subsection advises that a district court, when determining the extent to which a defendant's sentence should be reduced based on his substantial assistance to law enforcement authorities, should consider:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;

---

*statutory minimum. Melendez v. United States*, 518 U.S. 120, 129 (1996) ("Section 5K1.1(a) may guide the district court when it selects a sentence below the statutory minimum."); s*ee also id.* at 132 (Souter, J., concurring) ("[T]he Application Notes indicate that § 5K1.1 applies to motions under § 3553(e)); *Ahlers*, 305 F.3d at 57 n.1 (discussing § 3553(e) and noting that "USSG § 5K1.1 is the principal guideline adopted by the Sentencing Commission to aid district courts in fashioning substantial assistance departures"); *United States v. Casiano*, 113 F.3d 420, 429 (3d Cir. 1997) (describing § 3553(e) and § 5K1.1 as being governed by similar language). The District Court here recognized the applicability of § 5K1.1 to a § 3553(e) motion, invoking our decision in *United States v. Torres*, 251 F.3d 138 (3d Cir. 2001), and discussing the enumerated § 5K1.1 factors, even though the only motion filed was pursuant to § 3553(e).

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).  Although the Sentencing Commission noted that this list is not exhaustive, each of the factors relates to the defendant's assistance and none relates to the defendant's personal characteristics, his background, or the nature of his offense.  *United States v. Casiano*, 113 F.3d 420, 429 (3d Cir. 1997).  Although the Commission did not purport to give a complete list of factors relevant to determining the appropriate sentence reduction for a defendant who has given substantial assistance to law enforcement authorities, the interpretive maxim of *ejusdem generis* makes clear that unlisted factors must bear some relationship to the defendant's assistance.  *United States v. Thomas*, 930 F.2d 526, 531 (7th Cir. 1991), *rev'd on other grounds by United States v. Canoy*, 38 F.3d 893 (7th Cir. 1994).

Winebarger urges that our opinion in *Casiano* dictates that the sentencing court may consider factors other than a defendant's substantial assistance to the government when imposing a sentence below a statutory minimum.  In *Casiano*, we held that a district court may consider factors unrelated to the defendant's cooperation with the government as a basis for choosing to *limit* the extent of a departure pursuant to § 5K1.1.  113 F.3d at 430.  There, the district court departed from a guidelines sentence based on the defendant's cooperation with the government, but stated that it would have departed even further had it considered only the factors articulated in section 5K1.1.  *Id.* at 428.  The district court

stated that the extreme seriousness of the crime and the impact on the victim counseled against departing too far from the guidelines range. *Id.* We affirmed the judgment of sentence, saying that the nature and circumstances of the offense are permissible reasons for a district court to *limit* the extent of a § 5K1.1 departure. *Id.* at 429-31.

Viewed in isolation, our holding in *Casiano* might be read to support the proposition that district courts may consider non-assistance-related factors during sentencing when the government has filed a motion averring that the defendant provided it substantial assistance. However, neither the language nor the logic of *Casiano* supports such a broad rule.

Although we held that a court may consider factors unrelated to a defendant's assistance to the government in deciding to *limit* a departure under § 5K1.1, we engaged in an extensive discussion that presaged our holding today. We noted that "[t]he limitation of the grounds for departures under § 5K1.1 to factors relating to the defendant's substantial assistance to the authorities finds support in the language of the guideline and its commentary." *Id.* at 430. In addition, we noted that Section 5K1.1 is entitled "Substantial Assistance to Authorities," and that the background commentary states that "[l]atitude is . . . afforded the sentencing judge to reduce a sentence based upon variable *relevant* factors, including those listed above." *Id.* (quoting U.S.S.G § 5K1.1 & background commentary (1995)). We also cited with approval cases from other courts of appeals holding that only factors relating to a defendant's cooperation may be used as the basis for granting a departure under § 5K1.1 or § 3553(e). *Id.* at 429 (acknowledging a "growing body of precedent that holds that only factors relating to a

15

defendant's cooperation may be used as the basis of a departure under § 5K1" and citing a "similar holding" made in the context of § 3553(e)). We pointed out that the bases for departures listed in § 5K1.1, although not meant to be exhaustive, are instructive as to the district court's discretion once it has granted a § 5K1.1 motion. All the enumerated factors in §5K1.1 "concern the degree, efficacy, timeliness, and circumstances of a defendant's cooperation." *Id.* Furthermore, we stated that "had the district court decided to depart downward on a § 5K1.1 motion because it determined that the crime was not serious or the victim was only injured insignificantly, it would have been error." *Id.* at 430.

Accordingly, we reasoned that the outer limit of the permissible departure is set by considering the nature and extent of the assistance rendered. However, we rejected Casiano's argument that, because courts have held that factors wholly unrelated to substantial assistance are not to be considered when determining the scope of a permissible departure from the guideline sentencing range pursuant to § 5K1.1, factors unrelated to substantial assistance should not be considered when a court chooses to *limit* the extent of the departure. Notwithstanding "the facial appeal of symmetry" of this argument, we opined that "it was not inconsistent for the Sentencing Commission to have circumscribed the district court's discretion for departures for substantial assistance in only one direction, i.e., when a district court does, in fact, depart." *Id.* Thus, *Casiano* permits a district court to consider non-assistance-related factors in determining whether to *limit* or *withhold* an assistance-related sentencing departure; it does not throw the door open for district courts to consider those factors in order to *extend* or *increase* a

16

departure beyond what a defendant's cooperation with the government warrants.

We note that every circuit court of appeals to address the issue we face today has held that a court may not use factors unrelated to a defendant's assistance to the government in reducing the defendant's sentence below the statutory minimum. *See Johnson*, 580 F.3d at 673; *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir 2009); *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc); *United States v. Hood*, 556 F.3d 226, 234 n.2 (4th Cir. 2009); *A.B.*, 529 F.3d at 1280-83; *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008); *United States v. Mangaroo*, 504 F.3d 1350, 1355-56 (11th Cir. 2007); *Williams*, 474 F.3d at 1132; *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006); *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004); *Ahlers*, 305 F.3d at 56-62. Today, we join our sister circuit courts of appeals in so holding.

**B.**

We cannot leave this discussion without commenting on the meaning of the second sentence of § 3553(e), which reads as follows: "Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." 18 U.S.C. § 3553(e). It has been argued before other courts that the second statutory sentence indicates that Congress did not intend to limit district courts to consideration of a defendant's assistance to the government in determining how far below a statutory minimum term of imprisonment to sentence a defendant for whom a § 3553(e)

17

motion was filed.[7]  *See Johnson*, 580 F.3d at 673; *Ahlers*, 305 F.3d at 60-61; *United States v. Calle*, 796 F. Supp. 853 (D. Md. 1992).  According to this argument, once a district court approves a § 3553(e) motion, it should employ the same sentencing methodology it would use if the defendant had never been subject to a mandatory minimum sentence— considering the sentencing guidelines and the full panoply of factors that can influence a sentence thereunder.

We cannot accept this reasoning given the Supreme Court's comment on the effect of this sentence in *Melendez v. United States*, 518 U.S. 120, 128-30 (1996).  There, the Supreme Court agreed with the government that the second sentence of § 3553(e), along with 28 U.S.C. § 994(n),[8] "merely charge the [Sentencing] Commission with constraining the district court's discretion in choosing a specific sentence after the Government moves for a departure below the statutory minimum."  *Id.* at 129.  Thus, the second sentence of § 3553(e) is designed to *limit* the district court's discretion when sentencing a defendant below a mandatory

[7] The parties did not address this specific issue in their briefs, but we believe a thorough analysis of § 3553(e) dictates consideration of the entire statutory provision.

[8] "The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  28 U.S.C. § 994(n).

minimum, not to *expand* its authority. *See United States v. Melendez,* 55 F.3d 130, 134 (3d Cir. 1995) ("As the final sentence of § 3553(e) reflects, Congress contemplated that the limited downward departure authority there bestowed on a sentencing court would be exercised in the context of, and in a manner consistent with, a system of Guidelines sentencing that was being constructed at the time of the passage of § 3553(e)."); *United States v. Wills*, 35 F.3d 1192, 1198 (7th Cir. 1994) (Easterbrook, J., dissenting) (interpreting the second sentence of § 3553(e) to mean that "the prosecutor's authorization to impose a sentence below the statutory minimum does not permit the judge to throw out the guidelines and impose any term that strikes his fancy"). The provisions of § 5K1.1, for example, would therefore be relevant in arriving at the reduced sentence.

We recognize that our decision restricts the authority district court judges have to show clemency to defendants that they believe have been unjustly swept up in the dragnet of a statute calling for a mandatory minimum sentence. We also have little doubt that the District Court here was motivated by a sincere belief that the statutory minimum sentence was a disproportionately harsh punishment for Winebarger. However, this concern is appropriately directed to Congress, rather than the courts.

## C.

We hold that the limited statutory authority granted by 18 U.S.C. § 3553(e) does not authorize a district court to reduce a sentence below a statutory minimum based on considerations unrelated to that defendant's substantial assistance to law enforcement authorities. The appropriate procedure in a case such as this is for the court to start with

19

the mandatory minimum sentence as a baseline and then, after granting the § 3553(e) motion, to determine the extent to which the defendant's cooperation warranted a divergence from that baseline. Section 5K1.1 sets out an instructive, though not exhaustive, list of factors a sentencing court should examine when assessing that assistance and determining how far below a statutory minimum it will sentence a defendant pursuant to § 3553(e). *See Torres*, 251 F.3d at 147 (holding that a court must examine section 5K1.1's enumerated factors when considering a departure under section 5K1.1). The extent of the departure can be tempered downward (but not upward) pursuant to *Casiano*. Here, because the District Court reduced Winebarger's sentence below the statutory minimum to reflect factors that did not relate to Winebarger's assistance to law enforcement authorities, we will vacate the judgment of sentence and remand for resentencing. [9]

---

[9] Because we decide that the District Court abused its discretion by considering factors unrelated to Winebarger's assistance to authorities in reducing his sentence below the statutory minimum, we need not reach the government's other arguments related to the supposed procedural and substantive unreasonableness of Winebarger's sentence.