NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4267
_____

UNITED STATES OF AMERICA

v.

PETER DAFFERNER,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 10-cr-00350)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2012

Before:  FUENTES, HARDIMAN, and ROTH, *Circuit Judges*.

(Filed: July 23, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Peter Dafferner appeals his judgment of sentence after pleading guilty to

possession of child pornography.  Because we hold that Dafferner's sentence is not

unreasonable, we will affirm.

I

In September 2008, the FBI learned that Dafferner, a sixty-eight-year-old father of three, had paid to access child pornography websites. Thereafter, Dafferner responded to a solicitation e-mail sent by the FBI's own undercover website offering child pornography images and videos. When agents later seized Dafferner's computer equipment and hard drives pursuant to a warrant, they found 726 pornographic images and one twelve-second video of prepubescent and infant children, some of which depicted sadistic and masochistic sexual conduct. Dafferner pleaded guilty to one count of possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B).

In its Presentence Investigation Report (PSR), the Probation Office calculated Dafferner's total offense level as 28 and his criminal history as category I, which yielded an advisory Guidelines range of 78 to 97 months. Dafferner requested a downward variance, citing his abusive childhood, advanced age, poor health, and lack of criminal history. He also claimed that he had downloaded and viewed the pornographic images as part of his research and writing on the exploitation of children in the pornography business. He acknowledged that he made a serious mistake but maintained that he did not believe his conduct was criminal. Dafferner also submitted a report from his psychologist, Dr. Zelick Block, who opined that Dafferner exhibited "no abnormal concern with sex or sexual matters" and that he showed "serious remorse concerning his 'stupidity'" in downloading the images. According to Dr. Block's report, Dafferner

"show[ed] no signs of pedophilia, voyeurism or pornography." The Government opposed any downward variance.

In November 2011, the District Court held a sentencing hearing, at which it denied Dafferner's request for a downward variance. Noting its discretion to vary from the Guidelines range, the Court nevertheless found that Dafferner's purported naïveté regarding the criminality of his actions did not warrant a below-Guidelines sentence. The Court declined to decide whether, in fact, Dafferner possessed child pornography only in service of his plan to write a book regarding child abuse, but the Court explained that it did "not believe it takes 726 pictures and a film to write anything about something this horrific." Expressly acknowledging that it had "to look at Mr. Dafferner as an individual," the Court noted that Dafferner had no prior criminal offense. The Court also explained its responsibilities to "address the crime" at issue and to "protect the public from crimes of this nature." The images' depiction of prepubescent children and sado-masochistic conduct, as well as the large number of images and the use of a computer to access them, left the Court "satisfied that the Guidelines accurately reflect[ed] an appropriate sentence." Accordingly, the District Court sentenced Dafferner to 78 months' imprisonment, five years of supervised release, and a $1,250 fine. Dafferner timely appealed.

## II

Dafferner does not challenge the District Court's calculation of his Guidelines

range.  Rather, he argues that the District Court committed procedural error by failing to thoroughly analyze the following relevant factors under 18 U.S.C. § 3553(a): his traumatic childhood, Dr. Block's opinions, and the possibility that a prison term would constitute a life sentence given his age and health problems.  Relatedly, Dafferner contends that his 78-month, bottom-of-the-Guidelines sentence was substantively unreasonable because no reasonable judge would impose such a lengthy term under the circumstances.

We find no abuse of discretion in the District Court's sentencing decision.  *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 56 (2007); *United States v. Winebarger*, 664 F.3d 388, 392 n.2 (3d Cir. 2011).  Dafferner correctly points out that a failure to give "meaningful consideration" to the § 3553(a) factors or to adequately explain the sentence imposed constitutes procedural error.  *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007).  Indeed, the record must show "more than a rote recitation of the § 3553(a) factors." *Tomko*, 562 F.3d at 567 (citing *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)).  Contrary to Dafferner's representations, however, the District Court did not give short shrift to the "nature and circumstances of the offense" or Dafferner's "history and characteristics."  18 U.S.C. § 3553(a).  Sentencing courts need not discuss every mitigation argument presented by a defendant nor make specific findings regarding each

4

§ 3553(a) factor. *See Cooper*, 437 F.3d at 329.

It is sufficient here that the District Court made clear that it had reviewed the PSR and the parties' sentencing memoranda and acknowledged the parties' arguments before explicitly denying Dafferner's request for a downward variance. *See Rita v. United States*, 551 U.S. 338, 358 (2007) ("The record makes clear that the sentencing judge listened to each argument. . . . The judge then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range . . . . [H]e found that the 33-month sentence at the bottom of the Guidelines range was 'appropriate.' He must have believed that there was not much more to say." (citation omitted)); *accord United States v. Olfano*, 503 F.3d 240, 244–45 (3d Cir. 2007). Our precedents do not demand more, especially where Dafferner's sentence falls within—indeed, at the very bottom of—the advisory Guidelines range. *See Tomko*, 562 F.3d at 571; *Olfano*, 503 F.3d at 245.

Nor was the District Court's refusal to vary downward substantively unreasonable. The District Court reasonably concluded that the sado-masochistic character of the images, the number of images, and the need for general deterrence of the widespread crime of child pornography justified a within-Guidelines sentence, notwithstanding Dafferner's troubling unawareness that purchasing access to such images is illegal. The circumstances of Dafferner's age, health, and childhood trauma do not compel the conclusion that "no reasonable sentencing court would have imposed the same sentence

5

on [Dafferner] for the reasons the [Court] provided." *Tomko*, 562 F.3d at 568.

## III

For the reasons stated, we will affirm the District Court's judgment of sentence.