NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2877
_____

UNITED STATES OF AMERICA

v.

THOMAS DAVID WINEBARGER,
                            Appellant


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 09-cr-00279-1)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 18, 2013
_____

Before: SMITH, GREENAWAY, JR., and VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: March 19, 2013)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

　　Thomas David Winebarger ("Winebarger") challenges the sentence imposed by

the District Court, arguing that the District Court erred by failing to apply the factors set

forth in 18 U.S.C. § 3553(a).[1]  Since, as we explained in <u>United States v. Winebarger</u>,

664 F.3d 388, 389 (3d Cir. 2011), the District Court could not consider the § 3553(a)

factors in connection with the Government's motion filed pursuant to 18 U.S.C.

§ 3553(e),[2] we conclude that the District Court did not abuse its discretion and will affirm

Winebarger's judgment of conviction.

## I.  Background

The facts underlying this case were set forth in detail in our prior opinion, which

vacated Winebarger's sentence and remanded the case.  <u>Winebarger</u>, 664 F.3d at 390-92.

We need not repeat them here.

On remand, the District Court resentenced Winebarger.  During the resentencing

hearing, the Government provided support for its § 3553(e) motion.  Defense counsel

then argued that, in addition to those points, the Court should consider the § 3553(a)

factors, which counsel then discussed in detail.

After concluding that it could not consider the § 3553(a) factors based on our

decision, the District Court accepted the Government's recommendation and imposed a

sentence of 135 months, well below the statutory mandatory minimum of 180 months.

---

[1] Section 3553(a) sets forth various factors that district courts should consider
when imposing sentence.

[2] Section 3553(e) provides in relevant part that "[u]pon motion of the Government,
the court shall have the authority to impose a sentence below a level established by
statute as a minimum sentence so as to reflect a defendant's substantial assistance in the
investigation or prosecution of another person who has committed an offense."  18
U.S.C. § 3553(e).

## II. Analysis[3]

As he did before the District Court, Winebarger now argues that consideration of the § 3535(a) factors at his resentencing was appropriate where the Government moved for a sentence below the statutory minimum. In light of our prior decision in this case, Winebarger's argument lacks merit. In that opinion, we held "that the limited statutory authority granted by 18 U.S.C. § 3553(e) does not authorize a district court to reduce a sentence below a statutory minimum based on considerations unrelated to that defendant's substantial assistance to law enforcement authorities." Winebarger, 664 F.3d at 397. We then set forth the procedure to follow in cases involving mandatory minimum sentences and § 3553(e) motions: "the court . . . start[s] with the mandatory minimum sentence as a baseline and then, after granting the § 3553(e) motion, . . . determine[s] the extent to which the defendant's cooperation warranted a divergence from that baseline." Id.

We also noted that § 5K1.1 of the Sentencing Guidelines "sets out an instructive, though not exhaustive, list of factors a sentencing court should examine when assessing that assistance and determining how far below a statutory minimum it will sentence a defendant pursuant to § 3553(e)." Id. We acknowledged that, pursuant to our decision in United States v. Casiano, 113 F.3d 420 (3d Cir. 1997), the extent of the departure could be reduced based on other factors not enumerated in § 3553(e) or Section 5K1.1.

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have

3

However, those factors cannot increase the extent of the departure. Winebarger, 664 F.3d at 397.

We review a district court's sentence in two stages: first, we ensure that the district court committed no significant procedural error; second, we consider whether or not the sentence is substantively reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). In evaluating an appeal of a sentence, we review the District Court's sentencing decision under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); Tomko, 562 F.3d at 567.

On remand, the District Court carefully followed our instructions. The Court started with the mandatory minimum sentence, granted the Government's § 3553(e) motion, and then determined the extent of the divergence warranted by Winebarger's assistance. As such, the District Court committed no procedural error. Similarly, we find that the District Court's sentence was substantively reasonable. The Government explained Winebarger's assistance, as well as the increased danger to Winebarger in prison created by the publication of this Court's opinion. Relying upon that representation, the District Court granted a reduction of sentence approximately 25% below the statutory mandatory minimum sentence. We find that decision reasonable.

Winebarger's reliance on United States v. Booker, 543 U.S. 220 (2005), confuses the role of sentencing statutes and the Sentencing Guidelines. Booker held that the Sentencing Guidelines are advisory; nowhere in that opinion did the Supreme Court

jurisdiction, pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

suggest that sentencing statutes, properly enacted by Congress, are advisory. In accord with this view, we have held that unlike the Sentencing Guidelines, which are advisory, statutorily established sentences are mandatory. See, e.g., United States v. Reevey, 631 F.3d 110, 113 (3d Cir. 2010) ("unlike the advisory sentencing guidelines range, 'the statutory minimum drug trafficking penalty in 21 U.S.C. § 841(b) . . . is mandatory'" (quoting United States v. Gunter, 462 F.3d 237, 248 (3d Cir. 2006))).[4]

### III. Conclusion

On remand, the District Court carefully followed our instructions and imposed a sentence that was both procedurally and substantively reasonable. We find the Court did not abuse its discretion. We will affirm the judgment of conviction.

---

[4] Similarly, Winebarger seeks to invoke the Supreme Court's pronouncement in Pepper v. United States, 131 S.Ct. 1229 (2011), to his advantage, but to no avail. In Pepper, the Supreme Court affirmed the notion that, pursuant to both § 3661 and § 3553(a), "a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." Pepper, 131 S.Ct. at 1236. This holding is a far cry from what Winebarger seeks to utilize here. Pepper does not address statutory mandatory minimums. As such, the holding of Pepper provides no solace here.