FILED
United States Court of Appeals
Tenth Circuit

December 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

REYNA MENDOZA-HARO  a/k/a
Reyna Mendoza, a/k/a Reyna, a/k/a Reyna
Gonzalez, a/k/a Amanda Gonzalez,

     Defendant - Appellant.

No. 14-1044
(D.C. No. 1:12-CR-00242-WJM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ** and **MATHESON**, Circuit Judges.

Reyna Mendoza-Haro pled guilty to conspiracy to possess with intent to distribute

methamphetamine, which is subject to a mandatory minimum sentence of ten years in

prison.  *See* 21 U.S.C. § 841(b)(1)(A).  Based on Ms. Mendoza-Haro's substantial

assistance, the Government moved for a downward departure under 18 U.S.C. § 3553(e)

and United States Sentencing Guideline ("U.S.S.G.") § 5K1.1 and recommended a 36-

month prison sentence.  The district court granted the motion, but imposed an 84-month

---

     [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. Ms. Mendoza-Haro appeals. She argues the court erred when it based her sentence on constitutionally-privileged testimony, other improper factors under § 3553(e) and § 5K1.1, and faulty analysis under 18 U.S.C. § 3553(a). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we disagree and affirm the sentence.

## I. BACKGROUND

A federal grand jury indicted Reyna Mendoza-Haro and ten codefendants for multiple crimes relating to the possession and distribution of methamphetamine. She pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(A)(viii), which carries a 10-year mandatory minimum sentence.

Under the plea agreement, Ms. Mendoza-Haro agreed to cooperate and provide substantial assistance to the Government in its case against her codefendants. In exchange, the Government agreed to file a motion for downward departure under U.S.S.G. § 5K1.1 and request a sentence of 36 months in prison. The plea agreement stated "the ultimate question of whether a departure is to be granted and the amount of that departure will rest solely within the discretion of the sentencing Court." App. at 44. At Ms. Mendoza-Haro's change of plea hearing, the district court emphasized it was not bound by the sentence recommended in the plea agreement.

Ms. Mendoza-Haro cooperated by providing information and testifying for the prosecution at the trial of her codefendant, Ricky Henry Cisneros. Based on her cooperation, the Government filed the § 5K.1.1/§ 3553(e) motion for a downward

departure below the 10-year statutory minimum.[1]  Although the plea agreement did not require it to do so, the Government also moved for a downward variance under § 3553(a).[2]  Both the Government and Ms. Mendoza-Haro asked the court to impose a 36-month sentence.  The Government also moved for a decrease of three offense levels for acceptance of responsibility, and Ms. Mendoza-Haro moved for a downward departure from criminal history category III to category II.

At the sentencing hearing, the district court first granted the offense level and criminal history motions, resulting in an advisory Guidelines range of 120-121 months based on a total offense level of 29, a criminal history category of II, and a statutory minimum sentence of 120 months.  *See* 21 U.S.C. § 841(b)(1)(A) (providing for a ten-year mandatory minimum sentence).

The district court granted the Government's downward departure and variance motions, but only the § 5K1.1/§ 3553(e) motion allowed the court to impose a sentence below the statutory minimum of 120 months.  Granting a downward variance motion

---

[1] The Government's written motion referenced only § 5K1.1.  At oral argument, the Government moved to amend the motion to add § 3553(e) as a basis for departing from the mandatory minimum sentence.  The district court granted this motion.

[2] When a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a 'departure.'  When a court enhances or detracts from the recommended range through application of § 3553(a) factors, however, the increase or decrease is called a 'variance.'  *United States v. A.B.*, 529 F.3d 1275, 1278 n.3 (10th Cir. 2008) (quotations omitted).

allows a court to sentence below the Guidelines range but not below the mandatory minimum. *See United States v. Altamirano-Quintero*, 511 F.3d 1087, 1089-90 (10th Cir. 2007) (noting a district court may only depart below a mandatory minimum through § 3553(e) and (f)).

As our case law analysis below shows, the sentencing court can use factors unrelated to substantial assistance only to limit the extent of departure under § 5K1.1/ § 3553(e). The district court here did not specify the extent of its § 5K1.1/§ 3553(e) departure based solely on substantial assistance factors. It said a 36-month sentence did not "meaningfully reflect the seriousness of [Ms. Mendoza-Haro's] offense," App. at 199, because she testified that "she was moving a hundred pounds of methamphetamine four years in a row through 2010." App. at 175. The court also said such a sentence would create a disparity with similarly situated defendants. Based on some combination of the § 5K1.1/§ 3553(e) departure and the § 3553(a) factors, the court sentenced Ms. Mendoza-Haro to 84 months in prison followed by five years of supervised release.

Ms. Mendoza-Haro appeals her sentence.

## II.  **DISCUSSION**

Ms. Mendoza-Haro argues the district court (A) violated her Fifth Amendment rights by using the testimony she gave during Mr. Cisneros's trial against her, (B) improperly considered information other than her substantial assistance to determine the sentence departure under § 3553(e) and § 5K1.1, and (C) erred in considering the § 3553(a) factors by comparing her to non-similarly situated defendants and ignoring her

unique circumstances, including the safety risk from assisting the Government.

### A. *Fifth Amendment*

Whether the district court violated Ms. Mendoza-Haro's privilege against self-incrimination is a question of law, which we review de novo. *United States v. Rivas-Macias*, 537 F.3d 1271, 1278 (10th Cir. 2008); *see also United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006) ("We review constitutional challenges to a sentence de novo."). The Fifth Amendment provides that "[n]o person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.[3]

Ms. Mendoza-Haro contends the district court's reliance at sentencing on her testimony from Mr. Cisneros's trial violated her Fifth Amendment privilege. Her reliance on *Kastigar v. United States*, 406 U.S. 441 (1972) is misplaced. In *Kastigar*, the petitioners invoked their Fifth amendment privileges and refused to testify in a grand jury proceeding, even after being granted immunity under 18 U.S.C. § 6002. *Id.* at 442-43. The Supreme Court affirmed their contempt convictions, holding § 6002's grant of immunity from the use and derivative use of their testimony was sufficient to compel testimony over a privilege claim. *Id.* at 460-62.

Ms. Mendoza-Haro did not testify under a grant of immunity. She voluntarily

---

[3] Ms. Mendoza-Haro also cites the Fifth Amendment Due Process Clause in her briefing, but she does not explain how her due process rights were violated. We decline to consider a due process argument because Ms. Mendoza-Haro has not adequately briefed it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

testified under a plea agreement.

Changing course in her reply brief, Ms. Mendoza-Haro argues the plea agreement impliedly promised her testimony would not be used against her. This argument is raised too late for appellate review. *See United Sates v. Mullikin*, 758 F.3d 1209, 1210 n.2 (10th Cir. 2014) ("This court does not ordinarily review issues raised for the first time in a reply brief." (quotations omitted)). Moreover, the plea agreement contained no such implied promise.

The district court's consideration of Ms. Mendoza-Haro's trial testimony did not violate the Fifth Amendment.

## B.  *Procedural Reasonableness*

Ms. Mendoza-Haro challenges the procedural reasonableness of her sentence, arguing the district court erred in (1) considering information other than substantial assistance in determining the sentence departure under § 3553(e) and § 5K1.1, and (2) analyzing the § 3553(a) factors. Procedural reasonableness "relates to the manner in which the district court calculated and explained the sentence." *United States v. A.B.*, 529 F.3d 1275, 1278 (10th Cir. 2008). We ordinarily review the procedural reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## 1.  *Sections 3553(e) and 5K1.1*

Because Ms. Mendoza-Haro did not challenge the district court's application of § 3553(e) and § 5K1.1 at sentencing, we analyze this argument for plain error. *See A.B.*,

529 at 1280. Under the plain error standard, she "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (quotations omitted). If she satisfies these criteria, we (4) "may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Ms. Mendoza-Haro argues the district court could consider only her substantial assistance in departing downward under § 3553(e) and § 5K1.1. She contends the court erred because it improperly considered her testimony from Mr. Cisneros's trial regarding the quantity of drugs she had "moved" in limiting its downward departure. Ms. Mendoza-Haro's challenge fails because there was no error.

If a crime carries a mandatory minimum sentence, a district court must impose at least the mandatory minimum unless a statutory exception applies. *See United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993) ("When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute."). Section 3553(e) provides a limited exception:

> **Limited authority to impose a sentence below a statutory minimum.**-- Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994].

18 U.S.C. § 3553(e).

"[T]he Sentencing Commission promulgated U.S.S.G. § 5K1.1 to implement § 3553(e)." *A.B.*, 529 F.3d at 1281.[4]  Section 5K1.1 provides, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  U.S.S.G. § 5K1.1.  It lists five nonexclusive factors the court may consider in determining the appropriate reduction for a defendant's substantial assistance:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the [G]overnment's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

---

[4] 28 U.S.C. § 994(n) instructs the Sentencing Commission to:

> assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

A motion made under § 5K1.1 authorizes only a departure from the Guidelines range. *Melendez v. United States*, 518 U.S. 120, 123-26 (1996).  A departure below a statutory mandatory minimum requires the government to file a motion pursuant to § 3553(e).  *Id.* Nonetheless, "[s]ection 5K1.1(a) may guide the district court when it selects a sentence below the statutory minimum, as well as when it selects a sentence below the Guidelines range."  *Id.* at 129.

Ms. Mendoza-Haro argues the district court erred in considering factors beyond her substantial assistance to determine an appropriate sentence under § 3553(e) and § 5K1.1.  She relies on our decision in *A.B.*, which, she claims, holds that when a district court imposes a sentence below the statutory minimum, it "may not consider factors other than the substantial assistance of the defendant."  Aplt. Br. at 8 (citing *A.B.*, 529 F.3d at 1280).  But Ms. Mendoza-Haro overstates our holding.  A sentencing court can consider such factors if they serve to limit the extent of the departure.

In *A.B.*, the district court imposed a 117-month sentence after granting the Government's motion for a downward departure under § 3553(e) and § 5K1.1.  529 F.3d at 1276-77.  The defendant argued the § 3553(a) factors called for a lower sentence.  *Id.* at 1280.  We disagreed and explained that when a sentence is reduced below a statutory mandatory minimum under § 3553(e) based on substantial assistance provided by the defendant, § 3553(a) factors cannot reduce the sentence further.  *Id.* at 1285.

The district court here did not use factors beyond Ms. Mendoza-Haro's substantial assistance to depart further downward.  Rather, it used information from her trial testimony to limit its departure.  This is consistent with our holding in *A.B.* and finds support from other circuits.

The Third Circuit has held "a district court may consider factors unrelated to the defendant's cooperation with the [G]overnment as a basis for choosing to *limit* the extent of a departure pursuant to § 5K1.1."  *United States v. Winebarger*, 664 F.3d 388, 394 (3d Cir. 2011) (emphasis in original); *see also United States v. Casiano*, 113 F.3d 420, 428-

31 (3d Cir. 1997) (limiting § 5K1.1 departure based on the extreme seriousness of the defendant's crime and impact on the victim). The court reasoned "'it was not inconsistent for the Sentencing Commission to have circumscribed the district court's discretion for departures for substantial assistance in only one direction.'" *Winebarger*, 664 F.3d at 394 (quoting *Casiano*, 113 F.3d at 430).

The Ninth Circuit similarly has held that after a district court grants a departure under § 3553(e), it "may increase a sentence on the basis of the § 3553(a) factors, but may not reduce the sentence further." *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009). It explained that a § 3553(e) departure effectively establishes a new mandatory minimum sentence. *Id.* The court therefore may not reduce the sentence further based on the § 3553(a) factors. *Id.* It may, however, consider the § 3553(a) factors to determine whether to depart to the full extent warranted by the defendant's substantial assistance. *Id.*; *see also United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2008) ("[A]fter the court has determined the full extent of the downward departure it would award based on [the defendant's ] substantial assistance, [it may] consider other factors, including those in § 3553(a), to decide whether to depart to that full extent.").

We agree with the foregoing cases. Although it would have been inappropriate for the district court to consider § 3553(a) factors beyond Ms. Mendoza-Haro's assistance to depart further downward, it did not err in considering those factors to limit the extent of the departure.

2. *Section 3553(a) Factors*

Ms. Mendoza-Haro argues the district court erred in considering the § 3553(a) factors by comparing her to non-similarly situated defendants and failing to consider her unique circumstances. *See* 18 U.S.C. § 3553(a)(1), (a)(6).

Ms. Mendoza-Haro did not object to this comparison in the district court, so we again review for plain error. *See A.B.*, 529 F.3d at 1280. Ms. Mendoza-Haro's failure to argue for plain error in her brief "surely marks the end of the road for an argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011); *see United States v. De Vaughn*, 694 F.3d 1141, 1158-59 (10th Cir. 2012) ("Because Defendant has not even tried to show how the alleged errors were 'plain,' we need not engage a full discussion of the merits.").

Her additional argument that the district court failed in its § 3553(a) analysis to consider her unique circumstances, including the safety risk from assisting the Government, Aplt. Br. at 10-11, also fails because, as explained above, the district court could not rely on § 3553(a) factors to depart further downward. *A.B.*, 529 F.3d at 1285.

## III. **CONCLUSION**

For the foregoing reasons, we affirm Ms. Mendoza-Haro's sentence.[5]

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[5] During the sentencing hearing, the district court indicated it could not consider the safety risk to Ms. Mendoza-Haro. The court was incorrect insofar as the extent of the § 5K1.1/§ 3553(e) departure is concerned. Section 5K1.1(a)(4) states a court may consider "any injury suffered or any danger or risk of injury to the defendant or his family resulting from his assistance." Ms. Mendoza, however, does not argue that the district court erred in its § 3553(e) analysis by failing to consider her safety risk under § 5K1.1(a)(4). This issue was first raised in this appeal at oral argument by a member of the panel. She does briefly argue the court should have considered safety as part of the § 3553(a) analysis, Aplt. Br. at 10-11, but that is a separate argument, which we addressed and rejected above.