**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2060
_____

UNITED STATES OF AMERICA

v.

JEREL EVANS, a/k/a Gigante

Jerel Evans,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-14-cr-00307-001)
District Judge: Mary L. Cooper

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2016

Before: FUENTES,[*] CHAGARES, and RESTREPO, *Circuit Judges*

(Filed: September 1, 2016)
_____

OPINION[**]
_____

_____

[*] Honorable Julio M. Fuentes assumed Senior Status on July 18, 2016.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Jerel Evans appeals his sentence to 60 months' imprisonment stemming from his conviction of conspiring with others to distribute 500 grams or more of cocaine. For the reasons that follow, we will affirm the sentence imposed by the District Court.

## I. BACKGROUND[1]

Evans was involved in a conspiracy with Roberto Rentas-Negron and others to distribute cocaine in the Elizabeth, New Jersey area. In 2012, Evans and Rentas-Negron were involved in number of phone conversations, monitored by federal authorities, during which they discussed preparing the drugs for distribution. Based on an investigation, the government was also led to believe that the conspiracy stretched beyond New Jersey to Pennsylvania, Connecticut, and Maryland.

In 2014, Evans and fourteen other individuals were arrested and charged with knowingly and intentionally conspiring and agreeing to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B) and 21 U.S.C. § 846. Soon after, Evans entered into a plea agreement with the government under which he agreed to plead guilty to one count of conspiracy to distribute 500 grams or more of cocaine. The parties stipulated to an offense level of 21 if Evans qualified for a 2-level safety valve reduction under U.S.S.G. § 2D1.1(b)(16) at sentencing, but an alternative offense level of 23 if he did not qualify for the safety valve. The government, moreover,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this matter under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

also agreed to a two-level downward variance in anticipation of certain amendments to the Guidelines. The parties also agreed that, among other things, they would reserve the right to appeal the sentencing court's determination of the criminal history category.

During his sentencing hearing, which was adjourned and re-adjourned, the District Court first calculated the advisory Guidelines and the parties agreed that the total offense level was 21. The parties then presented argument regarding Evans' three prior territorial and state-law misdemeanor convictions in Puerto Rico and New Jersey. After thorough consideration of the contentions provided by both sides, as well as the U.S. Probation Office's Presentence Investigation Report, the court then assigned three criminal history points to Evans' sentence based on those convictions pursuant to U.S.S.G. § 4A1.2(c)(1) and (2). The first two points were added as a result of Evans' 2005 larceny conviction and his 2008 receipt of stolen goods conviction. Evans committed both of these offenses in Puerto Rico at the ages of 18 and 21, respectively. The third criminal history point resulted from Evans' 2011 marijuana possession conviction in New Jersey. With the resulting three criminal history points based on these misdemeanor offenses, the court imposed a mandatory minimum sentence of 60 months' imprisonment. Evans was also ineligible for the safety-valve provision under the Sentencing Guidelines.[2] This appeal followed.

---

[2] *See* U.S.S.G. § 5C1.2(a)(1) (eligibility for relief from mandatory minimum sentence limited to those defendants who do "not have more than 1 criminal history point").

## II.    DISCUSSION

Evans first contends that the District Court erred by considering his two prior convictions in Puerto Rico because they were both petty offenses.[3]    The first offense occurred three months after Evans' eighteenth birthday, when Evans was charged with larceny under Puerto Rican law.   The second, a conviction for receipt, disposal, and transfer of stolen goods under Puerto Rican law, occurred when Evans was 21.   Neither offense resulted in a prison term.

The Sentencing   Guidelines state that "misdemeanor and petty offenses are counted" as criminal history points unless they are offenses expressly listed in (c)(1) or (c)(2) or similar to the offenses listed in (c)(1) or (c)(2).[4] The lists of offenses under (c)(1) and (c)(2) include:

> Careless or reckless driving
> Contempt of court
> Disorderly conduct or disturbing the peace
> Driving without a license or with a revoked or suspended license
> False information to a police officer
> Gambling
> Hindering or failure to obey a police officer
> Insufficient funds check
> Leaving the scene of an accident
> Non-support
> Prostitution

---

[3] "We exercise plenary review over the District Court's interpretation and application of the Guidelines, we review determinations of fact for clear error, and we 'give due deference to the district court's application of the guidelines to the facts.'" *United States v. Zabielski*, 711 F.3d 381, 386 (3d Cir. 2013) (internal citations omitted).  We review purely legal questions *de novo*.  *United States v. Blair*, 734 F.3d 218, 211 n.3 (3d Cir. 2013).

[4] U.S.S.G.  § 4A1.2(c).

Resisting arrest
Trespassing

. . .

Fish and game violations
Hitchhiking
Juvenile status offenses and truancy
Local ordinance violations (except those violations that are also violations under state criminal law)
Loitering
Minor traffic infractions (e.g., speeding)
Public intoxication
Vagrancy.

In other words, unless Evans' offenses were specifically identified in these lists or are similar to these offenses, the District Court had no choice but to include the offenses when calculating Evans' sentence. None of Evans' offenses are listed in Section 4A1.2(c). As to whether Evans' offenses are "similar" to a listed offense, we apply:

> a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.[5]

We have applied the common sense approach required by the Guidelines and conclude that neither of Evans' convictions are remotely similar to any of the listed under the statute. Therefore, because the District Court was required to add three criminal

---

[5] U.S.S.G. § 4A1.2, cmt. n.12(A); *see also United States v. Hines*, 628 F.3d 101, 110 (3d Cir. 2010).

history points to Evans' sentence, we conclude that it committed no error by imposing a mandatory minimum sentence of 60 months' imprisonment.[6]

Evans also argues that the 60-month sentence was both substantively and procedurally unreasonable, given his minimal criminal history and the need to avoid unwarranted sentencing disparities. We reject these contentions. The District Court had no authority to sentence Evans to anything less than a mandatory minimum of 60 months' imprisonment, and therefore any arguments regarding the authority or discretion of the District Court to sentence otherwise are rendered moot.[7]

## III.    CONCLUSION

For substantially the same reasons set forth in the record, we affirm the sentence imposed by the District Court.

---

[6] *See* U.S.S.G. 5G1.1(b). We further reject Evans' additional argument that the District Court failed to consider his objections to the criminal history calculation. The record reveals that the court fully considered the arguments presented by his counsel and the government and, after careful consideration, imposed one point for each conviction.

[7] *United States v. Winebarger*, 664 F.3d 388, 392 (3d Cir. 2011).