In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3541

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DURICCO R. JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07 CR 1021—**Joe Billy McDade**, *Judge.*

ARGUED MAY 11, 2009—DECIDED SEPTEMBER 4, 2009

Before CUDAHY, POSNER, and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge.* In October 2007, based on infor-
mation from a confidential informant, police officers
obtained and executed a search warrant for Duricco
Johnson's apartment, where they found drugs, handguns,
and ammunition. Johnson was arrested and charged in
a three-count indictment on October 16, 2007. He later
pled guilty to two of the counts, and the district court
sentenced him to sixty months' imprisonment after re-

ducing the sentence for his substantial assistance to the government pursuant to 18 U.S.C. § 3553(e). Johnson appeals both his conviction and sentence, challenging the district court's refusal to (1) conduct an evidentiary hearing to determine the veracity of the warrant and (2) consider the factors in 18 U.S.C. § 3553(a) when deciding how far below the statutory minimum to reduce his sentence. We now affirm.

## I. BACKGROUND

On October 8, 2007, a confidential informant told Officer Chad Batterham of the Peoria, Illinois, Police Department that Duricco Johnson was selling drugs from a tan, two-story apartment located at 1819 North Lehman Road, #16. The informant described Johnson as a black male in his late twenties, approximately 5'8" tall and 225 pounds with short black hair. The informant claimed to have been in the apartment at least three times in the past thirty days, most recently within seventy-two hours, and stated that Johnson regularly sold crack from that address. On each occasion, the informant saw an off-white, rock-like substance in Johnson's possession. The informant corroborated his description of Johnson by identifying him from a six-photograph spread.

The next day, Officer Batterham appeared in court and signed a complaint detailing this information. He also stated that the same informant had previously provided police with reliable information that had led to the execution of twenty-three search warrants, forty-four arrests,

and the seizure of large quantities of drugs and firearms. Finally, Batterham explained that he had checked Johnson's criminal record, which revealed six prior drug arrests.

Based on Batterham's complaint, police received a search warrant for the apartment, which they executed on October 10. In a kitchen cabinet they found two plastic bags containing 7.9 grams of crack, two loaded handguns, and a box of ammunition. Police also found Johnson on the second floor of the apartment and took him into custody.

A grand jury returned a three-count indictment charging Johnson with (1) possession with the intent to distribute of more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On May 9, 2008, Johnson moved for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and to quash Batterham's complaint and suppress the seized evidence, pointing to several alleged falsities in the informant's statement to Batterham. Johnson and his girlfriend, Amelia Brown, each submitted supporting affidavits stating that no one other than the two of them and their young children had been in the apartment in the month preceding the warrant, and he argued that the informant's allegations were impossible. On June 10, the district court denied Johnson's motion because he had

made no allegation that Batterham knew or should have known that any of the informant's statements were false.

Johnson later pled guilty to the first two counts of the indictment, reserving the right to appeal the court's ruling on his earlier motion, and the government dropped count three. Prior to Johnson's sentencing hearing, a probation officer prepared a Presentence Investigation Report (PSR), which noted that Johnson faced a mandatary minimum sentence of ten years' imprisonment for the drug possession charge due to his prior drug convictions. *See* 21 U.S.C. § 841(b)(1)(B).[1] For the firearm conviction, Johnson faced a mandatory five-year prison term, to be served consecutively to the sentence for the drug charge. *See* 18 U.S.C. § 924(c); *see also* U.S.S.G. § 5G1.2(a).

At the sentencing hearing, the government moved to reduce Johnson's sentence below the mandatory minimum based on his substantial assistance to the government. *See* 18 U.S.C. § 3553(e). Johnson then requested that the district court consider the § 3553(a) sentencing

---

[1] Johnson's total offense level after receiving a downward adjustment for acceptance of responsibility was twenty-one. With a criminal history category of III, Johnson's Guidelines sentence would have been forty-six to fifty-seven months' imprisonment, which was below the statutory minimum of ten years' imprisonment. Consequently, Johnson's Guidelines sentence increased to ten years. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5G1.1(b).

factors to determine the appropriate reduction to his sentence. The district court refused Johnson's request, holding that the statute prohibited considering anything other than Johnson's assistance to the government in reducing his sentence below the statutory minimum. After taking that assistance into account, the court imposed a sentence of sixty months for each count, to be served consecutively.

## II. ANALYSIS

Johnson first claims that the district court erred in denying him a *Franks* hearing to determine the veracity of the warrant. He then argues that the district court was required to consider the § 3553(a) factors when applying the sentence reduction allowed by § 3553(e). We find both arguments unconvincing.

### A. Johnson's Request for a Franks Hearing

Johnson argues that Officer Batterham's complaint contained false statements, which he made intentionally or with reckless disregard for the truth. Specifically, Johnson claims that the informant's allegations were false because no one other than Johnson, Brown, and their young children had been in the apartment in the thirty days before the warrant issued. Johnson also notes that the informant inaccurately described both him and the premises: Johnson was sixty-nine pounds heavier than the informant described, and the apartment was

pink and grey rather than tan. Based on these inaccuracies and Batterham's failure to corroborate the informant's statements, Johnson claims that the district court was required to conduct a hearing to consider the veracity of the complaint under *Franks*, 438 U.S. 154. We review the district court's refusal to conduct a *Franks* hearing for clear error. *United States v. Pace*, 898 F.2d 1218, 1226-27 (7th Cir. 1990).

Affidavits and complaints supporting warrants are presumed valid. To obtain a *Franks* hearing to rebut that presumption, a defendant must make a substantial preliminary showing that the complainant made "a false statement knowingly and intentionally, or with reckless disregard for the truth." *Franks*, 438 U.S. at 155; *see also United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). It is not enough to show that an informant lied to the government officer, who then included those lies in the complaint. *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994). Instead, the evidence must show that the officer submitting the complaint perjured himself or acted recklessly because he seriously doubted or had obvious reason to doubt the truth of the allegations. *Jones*, 208 F.3d at 607; *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984). This burden is substantial, and *Franks* hearings are rarely required. *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001).

The most significant discrepancy that could, if true, undermine the validity of the warrant is Johnson's claim that no one other than he, Brown, and their young children had been in the apartment during the

relevant period. But we dismiss this argument because even if the informant was lying about visiting Johnson's apartment, Johnson presented no evidence that Batterham had reason to question the statement's accuracy. Batterham did not know who had been in the apartment during the preceding month. Johnson implies that Batterham should have doubted the informant's statement because it lacked detail, but this argument is without merit. The informant's account of his interactions with Johnson is no less detailed than in affidavits we have previously upheld. *See, e.g.*, *United States v. Reed*, 726 F.2d 339, 342 (7th Cir. 1984) (finding sufficiently descriptive an informant's statement to police "only that a person named 'James' was in the given apartment that morning and had offered the informant cocaine"). Given the reliable assistance the informant had given in the past, Batterham did not act recklessly in relying on his version of events.

Johnson also claims that Batterham lied intentionally, and he questions whether the informant existed at all. But Johnson provides no evidentiary basis whatsoever for that claim. Conclusory, self-serving statements are not enough to obtain a *Franks* hearing. *Franks*, 438 U.S. at 171; *see also Reed*, 726 F.2d at 342 ("[T]he *Franks* presumption of validity of an affidavit supporting a search warrant cannot be overcome by a self-serving statement which purports to refute the affidavit." (citation omitted)). If Johnson believes that Batterham lied, he must support that allegation with an offer of proof, *see Franks*, 438 U.S. at 171, which he has not done.

Johnson's challenges to the informant's incorrect description of Johnson's appearance and the apartment are likewise unsuccessful because there is no evidence that Batterham was aware of these inaccuracies at the time he filed the affidavit. Moreover, these descriptions were irrelevant to the probable cause determination; if Batterham had known they were inaccurate, this would not necessarily have led him to believe that the informant was lying altogether because the mistakes were minor enough to have been innocent. *See United States v. Pritchard*, 745 F.2d 1112, 1116 (7th Cir. 1984) (holding that inaccuracies were "insufficiently substantial to undercut the validity of the search warrant as a whole"); *see also Franks*, 438 U.S. at 155-56 (holding that a defendant must make a substantial preliminary showing that the false statement was "necessary to the finding of probable cause"). Thus, even if these errors were intentional or reckless, "[they did] not come close to the kind of egregious errors necessary to conduct a *Franks* hearing." *Maro*, 272 F.3d at 822 (holding that conflicting physical descriptions and weight estimates were not significant enough to require a *Franks* hearing).

Finally, Batterham's failure to corroborate the informant's story did not constitute reckless disregard for the truth. A known, reliable informant provided Batterham with detailed information about a drug sale involving Johnson, who had a history of prior drug convictions and whom the informant had identified in a photo line-up. Where a police officer has received a detailed tip from a reliable informant, his failure to further corroborate that tip does not constitute reckless-

ness. *See Reed*, 726 F.2d at 342 (holding that information received from a reliable source "was sufficiently descriptive, current, and of apparent reliability, so that police would not be required to verify the information").[2] That the police could have done more work does not meet the high standard for requiring a *Franks* hearing. *See United States v. Swanson*, 210 F.3d 788, 791 (7th Cir. 2000); *see also Jones*, 208 F.3d at 607 ("The fact that Jones can point out additional things which could have been done but were not does not in any way detract from what was done."). Even if the police's failure to corroborate the informant's claims was negligent, "a little negligence—actually even a lot of negligence—does not the need for a *Franks* hearing make." *Swanson*, 210 F.3d at 791.

Because Johnson has not established that any of the alleged falsities in Batterham's affidavit were made intentionally or recklessly, the district court did not err in denying his request for a *Franks* hearing, and his conviction must be affirmed. We now turn to Johnson's challenge to his sentence.

---

[2] The defendant's brief heavily emphasizes the lack of corroboration, citing the four-factor test in *United States v. Harris*, 464 F.3d 733, 739 (7th Cir. 2006). But these four factors are relevant in deciding whether a confidential informant's tip was sufficient to establish probable cause, *see id.*, which is a separate, albeit related question from whether a police officer acted with reckless disregard for the truth.

B.   *The District Court's Refusal to Consider the § 3553(a) Factors*

At Johnson's sentencing hearing, the government moved to reduce Johnson's sentence below the statutory minimum for his assistance to the government. *See* 18 U.S.C. § 3553(e). The district court granted that motion but refused to consider other mitigating factors to further reduce Johnson's sentence. Johnson argues that this was error, claiming that once the district court reduced his sentence pursuant to § 3553(e), it was also obliged to consider § 3553(a) to further reduce his sentence below the otherwise mandatory sentence. This is a question of law, which we review *de novo*. *See United States v. Woolsey*, 535 F.3d 540, 549 (7th Cir. 2008).

Section 3553(e) provides as follows:

> **(e) Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

The Guidelines state that when determining the appropriate reduction, the court may consider factors such as

the usefulness of the defendant's assistance, the reliability of the information he has provided, the nature and extent of his assistance, the risk of injury the defendant faced from assisting the government, and the timeliness of his assistance. U.S.S.G. § 5K1.1.

We first addressed whether § 3553(e) allows a district court to reduce a defendant's sentence below the statutory minimum for any factor other than substantial assistance in *United States v. Thomas* (*Thomas I*), 930 F.2d 526 (7th Cir. 1991), *overruled on other grounds by United States v. Canoy*, 38 F.3d 893, 906 (7th Cir. 1994). We answered that question in the negative, noting that the "language [of § 3553(e)] clearly supports the government's view that only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance." *Id.* at 529. This conclusion was bolstered by the policy statement in § 5K1.1, which lists factors for the district court to consider, each of which "concerns circumstances bearing upon the significance of a defendant's cooperation." *Id.* We noted that "[h]ad the Sentencing Commission wished to permit courts to consider factors unrelated to the quality of the defendant's cooperation when departing because of that cooperation, it seems likely that it would have promulgated a list of examples encompassing factors unrelated to cooperation." *Id.* We later reaffirmed this holding in *United States v. Thomas* (*Thomas II*), 11 F.3d 732, 737 (7th Cir. 1993).

Johnson claims that the *Thomas* line of cases was flawed from its inception, but we see no merit to this

argument. The textual interpretation in *Thomas I* was correct. The title of § 3553(e) makes clear that it grants courts only *limited* authority to depart below the statutory minimum sentence. *See United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007). The body of the statute then defines that limit—the court may reduce a defendant's sentence *"so as to reflect a defendant's substantial assistance."* 18 U.S.C. § 3553(e) (emphasis added); *see also Williams*, 474 F.3d at 1132. "If a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, *see* § 3553(a)(1), then the court exceeds the limited authority granted by § 3553(e)." *Williams*, 474 F.3d at 1132.

Johnson also claims that *Thomas I* failed to adequately address the Guidelines' other policy statements, but his argument is not persuasive. Johnson specifically points to U.S.S.G. § 1B1.4, which provides that in determining a defendant's sentence within the Guidelines range or whether a departure from that range is warranted, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, *unless otherwise prohibited by law*" (emphasis added). As the last clause makes clear, this Guideline is expressly inapplicable where it is inconsistent with a statutory minimum. Section 3553(e) provides that courts may reduce a sentence below the statutory minimum only where a reduced sentence reflects the defendant's cooperation with the government. Nothing in § 1B1.4 is meant to, nor can it, alter that statutory man-

date. *Thomas I* therefore did not err in its interpretation of the Guidelines' policy statements.

Despite the clear language of the statute, Johnson next claims that the rule from *Thomas I* is no longer good law in light of *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are no longer mandatory, Johnson claims that a district court must always consider the § 3553(a) factors. But Johnson ignores that without the *statutory* mandate in § 3553(e), the district court would have no authority whatsoever to depart below the statutory minimum in his case. *See Thomas II*, 11 F.3d at 736 ("If federal law allows departure from a statutory minimum sentence only for assistance to the government, it does not matter whether the [Guidelines] would allow a departure from the Guideline[s] range in cases not involving a statutory minimum."). It is not the Guidelines that prohibit the court from considering other factors, it is the statute.

"Nothing in the reasoning of *Booker* expands the authority of a district court to sentence below a statutory minimum." *Williams*, 474 F.3d at 1132; *see also United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006) ("Notwithstanding the new sentencing regime under *Booker*, sentencing courts must still comply with the statutory minimum penalty."). We therefore join a number of circuits in holding that, even after *Booker*, a court may not use the § 3553(a) factors to reduce a sentence below the statutory minimum beyond what is warranted for the defendant's

substantial assistance.[3] *See, e.g., United States v. A.B.*, 529 F.3d 1275, 1280-83 (10th Cir. 2008); *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008); *United States v. Mangaroo*, 504 F.3d 1350, 1355-56 (11th Cir. 2007); *Williams*, 474 F.3d at 1132; *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

Finally, Johnson argues the holding in *Thomas I* is no longer valid after our decision in *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008). In *Chapman*, the defendants provided substantial assistance to the government after they were sentenced, and the government requested a reduction in their sentences pursuant to Federal Rule of Criminal Procedure 35(b).[4] *Id.* at 627. The court granted the motion but emphasized the defendants' extensive criminal histories and imposed sen-

---

[3] We have previously reached this same conclusion in two unpublished opinions. *See United States v. Proctor*, No. 07-2822, 2008 WL 2178127, at *1 (7th Cir. May 27, 2008); *United States v. Crayton*, No. 07-2862, 2008 WL 162823, at *1 (7th Cir. Jan. 18, 2008).

[4] We question whether *Chapman* is binding in this case because it involved an application of Rule 35(b) rather than § 3553(e); we also note that it is unclear whether a statutory minimum sentence even applied in that case. Nonetheless, we are mindful that Rule 35(b) and § 3553(e) "utilize the same language to achieve the same end," *United States v. Aponte*, 36 F.3d 1050, 1052 (11th Cir. 1994), and we find that the analysis in *Chapman* has persuasive value, *see id.* (according Rule 35(b) and § 3553(e) the same interpretation).

tences at the high end of the Guidelines. *Id.* at 627-28. We upheld the district court's analysis and held that "a faithful and pragmatic adherence to the mandate of 18 U.S.C. § 3553(a) counsels that the nature and extent of any reduction be determined in light of all the sentencing factors set forth in the statute." *Id.* at 629.

Nothing in *Chapman* changes our analysis that § 3553(e) limits the district court to considering only the defendant's substantial assistance when reducing a sentence below the statutory minimum. Instead, *Chapman* stands for the proposition that, in the context of Rule 35(b), "*after* calculating the value of the defendant's assistance to the government, a district court may ask whether [the] § 3553(a) factors weigh in favor of or against granting a reduction equivalent to that level of assistance." *United States v. Poole*, 550 F.3d 676, 680 (7th Cir. 2008). Thus, the district court must initially decide to what extent a reduction is warranted based only on the defendant's substantial assistance to the government. But the decision of whether to then grant a Rule 35(b) reduction is discretionary, *United States v. Shaffer*, 993 F.2d 625, 628 (7th Cir. 1993), and the court may use § 3553(a) when determining whether a reduction is warranted. *See Chapman*, 532 F.3d at 629 ("[C]ooperation cannot be assessed in a vacuum. Whether such cooperation represents an opportunistic attempt to obtain a sentence reduction or a genuine alteration in the defendant's life perspective can best be determined by assessing that cooperation in light of earlier criminal history and the nature of the crime for which the defendant is presently being sen-

tenced."); *see also United States v. Manella*, 86 F.3d 201, 204-05 (11th Cir. 1996) (holding, in the context of Rule 35(b), that "a reading of the rule that requires the district court to consider substantial assistance in isolation from any other factor leaves too little discretion for the court to exercise.").

Johnson claims that this creates an unfair one-way lever, which he calls an "absurd" reading of § 3553(e). We see nothing fundamentally unfair or improper about this interpretation, but regardless, Johnson's case is not the appropriate vehicle for challenging *Chapman*. This "one-way lever" was not applied against Johnson—the district court granted him the full reduction that his substantial assistance warranted. This is not a case where the § 3553(a) factors or a defendant's criminal history were used to grant a *lesser* reduction than was otherwise deserved, and we need not decide whether *Chapman* was correctly decided, nor whether its holding is even applicable to § 3553(e).[5]

Once a court reduces a defendant's statute below the statutory minimum for his substantial assistance pursu-

---

[5] We note that at least one court has implied that granting such a lesser reduction is impermissible. *See, e.g.*, *United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002) ("[O]nce the government moves for a sentence below the statutory minimum pursuant to section 3553(e), the court has discretion to sentence below that minimum in a manner that reflects the nature and extent of the substantial assistance provided by the defendant—*no more, no less*." (emphasis added)).

ant to § 3553(e), the court may not further reduce the sentence based on other factors. Johnson's challenge to his sentence must therefore fail.

### III. CONCLUSION

Because Johnson did not make a substantial showing that law enforcement acted recklessly or lied intentionally when submitting the affidavit for the search warrant, no *Franks* hearing was required. In addition, § 3553(e) prohibited the district court from reducing Johnson's sentence for any factor beyond his substantial assistance to the government. We AFFIRM.