**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David L. BROWN, Defendant–
Appellant.**

No. 09–3453.

United States Court of Appeals,
Seventh Circuit.

Submitted May 12, 2010.

Decided May 13, 2010.

Thomas A. Keith, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Robert A. Alvarado, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before KENNETH F. RIPPLE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge.

### ORDER

David Brown pleaded guilty to one count of conspiracy to distribute more than 50 grams of cocaine base. *See* 21 U.S.C. § 846. At Brown's sentencing hearing the government moved to reduce his sentence below the life-time statutory minimum to reflect the value of his assistance in the investigation and prosecution of other matters. *See* 18 U.S.C. § 3553(e). The district court granted that motion and sentenced Brown to 244 months' imprisonment, but refused to consider other mitigating factors to further reduce his sentence. Brown appeals, but his appointed counsel has concluded that his appeal is frivolous and moves to withdraw. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Brown to respond to counsel's motion, but he has declined to do so. *See* CIR. R. 51(b). We limit our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel initially advises that Brown does not want his guilty plea vacated, and thus properly omits any discussion of the adequacy of the plea colloquy or the volun-

tariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir.2002).

The only potential issue counsel identifies is whether Brown could challenge the court's refusal to further reduce his sentence for reasons other than his substantial assistance. But we agree that this contention would be frivolous. As counsel notes, once a district court decides that a defendant's cooperation justifies a sentence below the statutory floor, *see* 18 U.S.C. § 3553(e), the court may not rely upon other mitigating factors in § 3553(a) to further reduce the sentence. *United States v. Johnson*, 580 F.3d 666, 672–74 (7th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 1115, —— L.Ed.2d —— (2010).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.