NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3453

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:09-CR-10015-001 |
| DAVID L. BROWN, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

David Brown pleaded guilty to one count of conspiracy to distribute more than 50 grams of cocaine base. *See* 21 U.S.C. § 846. At Brown's sentencing hearing the government moved to reduce his sentence below the life-time statutory minimum to reflect the value of his assistance in the investigation and prosecution of other matters. *See* 18 U.S.C. § 3553(e). The district court granted that motion and sentenced Brown to 244 months' imprisonment, but refused to consider other mitigating factors to further reduce his sentence. Brown appeals, but his appointed counsel has concluded that his appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Brown to respond to counsel's motion, but he has declined to do so. *See* CIR. R. 51(b). We limit our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel initially advises that Brown does not want his guilty plea vacated, and thus properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

The only potential issue counsel identifies is whether Brown could challenge the court's refusal to further reduce his sentence for reasons other than his substantial assistance. But we agree that this contention would be frivolous. As counsel notes, once a district court decides that a defendant's cooperation justifies a sentence below the statutory floor, *see* 18 U.S.C. § 3553(e), the court may not rely upon other mitigating factors in § 3553(a) to further reduce the sentence. *United States v. Johnson*, 580 F.3d 666, 672-74 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1115 (2010).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.