NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 26, 2013
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1770 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| | |
| *v.* | No. 11 CR 620-2 |
| | |
| ALFONSO LUCENA, | Charles P. Kocoras, |
| *Defendant-Appellant.* | *Judge.* |

### O R D E R

An undercover police officer arranged through Juan Vellalva to buy almost six kilograms of heroin worth about $300,000. Vellalva accompanied the officer to a supermarket parking lot where they were joined by the defendant, Alfonso Lucena. Lucena instructed the officer to drive to a laundromat, where another man was waiting with a book bag containing the heroin. Surveillance agents swept in and arrested the participants after Lucena had retrieved the book bag and passed it to the undercover officer.

Lucena pleaded guilty to distributing heroin. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to 120 months' imprisonment, the statutory minimum for

offenses involving at least a kilogram of heroin. *See* 21 U.S.C. § 841(b)(1)(A). The court rejected Lucena's argument that he satisfied the "safety valve" criteria and thus was eligible for a sentence below the minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The court concluded that Lucena had met four of the five criteria but not the last because he did not give the government a complete, truthful account of his involvement in previous drug deals. *See* U.S.S.G. § 3553(f)(5). At the sentencing hearing Lucena's lawyer had insisted that the defendant never before participated in a drug deal for this supplier, but the court disbelieved that a novice would have been trusted to coordinate the delivery of a substantial quantity of heroin to the undercover officer.

Lucena filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Lucena to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel advises us that Lucena does not wish to challenge his guilty plea, so counsel's brief properly omits discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Lucena could challenge the district court's determination that the defendant did not satisfy the criteria for relief under the safety valve. Lucena had the burden of proving those elements by a preponderance of the evidence, *see United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004), and we would review the court's factual findings for clear error, *see United States v. Harrison*, 431 F.3d 1007, 1013–14 (7th Cir. 2005). Assertions by defense counsel that Lucena had been truthful during a debriefing were not enough to satisfy the defendant's burden, and counsel did not call Lucena to testify or present other evidence. *See United States v. Chapman*, 694 F.3d 908, 914–15 (7th Cir. 2012) (explaining that defense counsel's statements are not evidence). In light of the absence of evidence about Lucena's truthfulness during his proffer, we agree with counsel that it would be frivolous to argue that the district court clearly erred. *See United States v. Nunez*, 627 F.3d 274, 284–85 (7th Cir. 2010); *United States v. Ponce*, 358 F.3d 466, 468–69 (7th Cir. 2004); *Montes*, 381 F.3d at 637.

Counsel also considers whether Lucena could challenge the reasonableness of his prison sentence. But Lucena received the statutory minimum, so a reasonableness

challenge necessarily would be frivolous. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009); *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.