NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2014[*]
Decided November 20, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1718

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:08-cr-1028-12 |
| ELDRED C. CLAYBROOKS, *Defendant–Appellant*. | Joan B. Gottschall, *Judge*. |

### O R D E R

In the midst of investigating a large-scale cocaine distribution conspiracy involving Robert Atkins, federal agents discovered a smaller distribution conspiracy

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

being run by one of Atkins's clients, Eldred Claybrooks. Agents intercepted phone calls between Atkins and Claybrooks that detailed various cocaine transactions. Under their arrangement, Claybrooks would typically receive the cocaine from Atkins, resell it, and then pay Atkins using the proceeds. A grand jury indicted Claybrooks with two drug-related felonies: one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). At trial, the government used Atkins as its key witness to establish Claybrooks's guilt. The jury returned a guilty verdict and found that both counts involved at least 500 grams but fewer than 5 kilograms of cocaine. At sentencing, the district court, after considering the Presentence Investigation Report ("PSR"), Atkins's testimony, and the jury's finding, concluded that Claybrooks was responsible for 5 to 15 kilograms of cocaine and sentenced him to the mandatory minimum of 20 years. *See* 21 U.S.C. § 841(b)(1)(A).

Claybrooks appealed. We affirmed Claybrooks's conviction but found that the district court committed error in its calculation of Claybrooks's sentence. We remanded for resentencing and also instructed the district court that Claybrooks's new sentence should be consistent with the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court determined that the jury, not the judge, must determine facts such as drug quantities that increase a defendant's mandatory minimum sentence. *Id.* at 2158. Because the jury concluded that Claybrooks's drug conspiracy involved more than 500 grams but less than 5 kilograms, the mandatory minimum sentence was 120 months' imprisonment. 21 U.S.C. § 841(b)(1)(B); *United States v. Claybrooks*, 729 F.3d 699, 706-07 (7th Cir. 2013). On remand, the district court conducted a second sentencing hearing and ordered Claybrooks to serve the mandatory minimum of 120 months for both counts, to run concurrently, followed by a five-year period of supervised release.

Claybrooks filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Claybrooks responded to counsel's motion in a letter to the court, stating that he wished to have another lawyer appointed so that he could raise additional unspecified issues. However, Claybrooks does not have a right to another appointed lawyer for the sake of this appeal. *See United States v. Edwards*, 777 F.2d 364, 365 (7th Cir. 1985); Cir. R. 51(b). Counsel submitted a brief that explains the nature of this case and addresses the one non-frivolous issue that a successive appeal of this kind might involve. Because the analysis in counsel's brief appears to be thorough, and because this is a successive appeal, we limit our review to the subject that counsel has discussed, plus any additional issues that Claybrooks raised

in his letter. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his *Anders* submission, counsel considers whether the district court had discretion to impose a sentence of less than the 120-month mandatory minimum in order to address the disparity between Claybrooks's sentence and the lower sentences of his co-defendants. Counsel dismisses this possibility based on the language of 18 U.S.C. § 3553(e) which states that the district court may not sentence a defendant below a statutory minimum except pursuant to a government motion for substantial assistance. 18 U.S.C. § 3553(e); *United States v. Johnson*, 580 F.3d 666, 672 (7th Cir. 2009). The government did not file such a motion in Claybrooks's case. Here, counsel is correct that the district court had no ability under § 3553(e) to sentence Claybrooks below 120 months without a substantial assistance motion from the government. Claybrooks has received the minimum sentence he is eligible for, given the jury's findings.

At his resentencing, the advisory guideline range called for 135 to 168 months. Claybrooks argued for a sentence below the guideline range because of the reduced sentences his co-defendants received. The district court considered all the arguments in mitigation raised by Claybrooks, read his submitted letters, and addressed all of the § 3553(a) factors in open court. The district court concluded that 120 months was "sufficient, but not greater than necessary, to accomplish any purposes of punishment." The sentencing court considered the factors in mitigation, and we would not set the sentence aside even if there were no statutory minimum. *See United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010).

Claybrooks's response to this court did not raise any arguments or specific issues to show why his sentence was invalid. Instead, he asked for another appointed lawyer in order to assist him in raising issues he still wanted to address. Consistent with Circuit Rule 51(b), our court sent Claybrooks a letter explaining the procedure for responding to counsel's *Anders* brief, while also spelling out that Claybrooks did not have the right to an attorney to assist in his response. Since we do not find an issue that requires further briefing or argument, we need not appoint counsel to assist in a response to an *Anders* brief.  Cir. R., Appendix I.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.