**UNITED STATES of America, Plaintiff–Appellee**

v.

**Orlando SANTIAGO, Defendant–Appellant.**

**No. 15–1364.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 7, 2015.

Decided Nov. 9, 2015.

Bridget J. Domaszek, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Joy Bertrand, Scottsdale, AZ, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Orlando Santiago pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). The government alleged, and Santiago admitted, that the drug quantity was at least 500 grams, so he faced a 60–month statutory minimum sentence. *See id.* § 841(b)(1)(B)(ii). Santiago had cooperated with the government, however, and the prosecutor moved for a reduction below that minimum on the basis of the defendant's substantial assistance. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The district court halved the minimum term and imposed a 30–month sentence, and in this appeal Santiago insists that even 30 months is too long. We affirm the judgment.

Santiago sold cocaine and marijuana in the Milwaukee area from 2009 until 2013. Authorities executed a search warrant at his house after an informant had bought marijuana from him and recorded several incriminating conversations. Found in the house were about 8½ ounces of marijuana, cocaine residue, $1750, two guns, and ammunition. Santiago confessed that he had been selling drugs for several years, and he began cooperating with investigators.

Seventeen months after the search of Santiago's house, he and two codefendants were indicted in the Eastern District of Wisconsin. In addition to the drug conspiracy, Santiago was charged with possessing a gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The gun count was dismissed as part of a plea agreement that also required the government to recommend a prison term 30 percent below the low end of the guidelines range.

A probation officer calculated a total offense level of 25 and criminal-history category of I, yielding a guidelines imprisonment range of 57 to 71 months, subject to the 60–month statutory minimum. At sentencing the prosecutor recommended 42 months, but Santiago urged the district court to shave even more time from the statutory minimum. Santiago cited, not just his cooperation with authorities, but his efforts at rehabilitation, absence of prior convictions, close ties to family and the community, and favorable work history. The government countered that the court could not consider any of these mitigating factors, except Santiago's cooperation, in deciding how far to go below the statutory minimum. The district court settled on a sentence of 30 months.

We begin with a procedural point. Because appellate review of sentencing decisions is limited by 18 U.S.C. § 3742(a), we have held that, so long as a district court appreciates its discretion under § 3553(e) to sentence a defendant below a statutory minimum, we lack appellate jurisdiction to review a contention that the court should have been more generous in rewarding the defendant's substantial assistance. *United States v. Shaffer,* 993 F.2d 625, 628–29 (7th Cir.1993); *United States v. Dean,* 908 F.2d 215, 217–18 (7th Cir.1990). That rule was first announced when the guidelines were mandatory, but we have held that the rule survives *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Spann,* 682 F.3d 565, 566 (7th Cir.2012) (explaining that, even after *Booker,* court of appeals has "no authority" to review whether district court should have deviated further from mandatory minimum to reflect defendant's cooperation). On the other hand, we would have jurisdiction to entertain an argument that the district court failed to appreciate which factors it could properly consider in sentencing the defendant. *See United*

*States v. Johnson,* 580 F.3d 666, 672 (7th Cir.2009).

In Santiago's appellate brief, counsel seemed to fault the district court for not having lowered his sentence further based on Santiago's arguments in mitigation. But this assertion ignores that Santiago was sentenced below the *statutory* minimum. "When relying on § 3553(e) as authority to sentence a defendant below a statutory minimum, a district court may not *reduce* the sentence based on factors other than the defendant's cooperation." *United States v. Spann,* 682 F.3d 565, 566 (7th Cir.2012) (emphasis added); *see Johnson,* 580 F.3d at 673; *United States v. DeMaio,* 28 F.3d 588, 591 (7th Cir.1994); *United States v. Thomas,* 11 F.3d 732, 736–37 (7th Cir.1993); *see also United States v. Winebarger,* 664 F.3d 388, 396 (3rd Cir.2011) ("[E]very circuit court of appeals to address the issue ... has held that a court many not use factors unrelated to a defendant's assistance to the government in reducing the defendant's sentence below the statutory minimum."). Thus, as the government had correctly noted at sentencing and notes again on appeal, the district court was *forbidden* from lowering Santiago's sentence even further on the basis of the defendant's arguments in mitigation.

At oral argument defense counsel never tried to explain why this constraint isn't fatal to Santiago's appeal. Instead, defense counsel simply reversed course and, for the first time, asserted that the district court had erroneously relied on aggravating factors unrelated to Santiago's cooperation in rejecting his request for a shorter prison sentence. But the district court was free to consider those aggravating factors in assessing whether Santiago should receive credit for the full value of his cooperation. *See Johnson,* 580 F.3d at 674 (explaining that a district court may consider aggravating factors—but not mitigating factors—in determining how far to reduce a defendant's sentence under § 3553(e)); *see also Winebarger,* 664 F.3d at 395–96 (same); *United States v. Jackson,* 577 F.3d 1032, 1036 (9th Cir.2009) (same); *United States v. Richardson,* 521 F.3d 149, 159 (2nd Cir.2008) (same).

Accordingly, we AFFIRM the judgment of the district court.