In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2397

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LANCE SLIZEWSKI,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 14-cr-87 — **James D. Peterson**, *Judge*.

ARGUED DECEMBER 16, 2015 — DECIDED JANUARY 5, 2016

Before MANION, KANNE, and WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge*. Lance Slizewski pleaded guilty to possessing a firearm as a felon after police in Madison, Wisconsin, executed a warrant to search his rental car and found a gun in the trunk. Slizewski moved to suppress the gun. He argued that a detective misrepresented and omitted critical information in his search-warrant affidavit, necessitating a *Franks* hearing to determine the search's validity. The district court denied the motion, and Slizewski pleaded guilty but

reserved his right to challenge the denial of his motion. Because the district court permissibly ruled that any misstatements or omissions were unintentional or immaterial, we affirm the district court's judgment.

## I. BACKGROUND

Wisconsin police officers arrested Slizewski in July 2014 as they investigated a string of armed robberies. Detective Joel Peterson prepared an affidavit for a warrant to search Slizewski's car. In the affidavit, Peterson described four recent robberies. The first occurred at a pizza restaurant in April. A second restaurant was robbed three days later. Two men, one wearing a St. Louis Cardinals cap, were captured on surveillance photos at that restaurant before it was robbed. According to a witness, a robbery suspect fled that scene in a black sedan "similar" to "a Chevrolet Malibu." The next robbery was a few days later. According to Peterson, two men—one a black male and one a "lighter-skinned black male or perhaps mixed race"—robbed a sports bar. Peterson said that a surveillance video shows a black four-door sedan passing the bar four times shortly before the robbery. Finally, Peterson said that a man, identified as James Sexton, robbed a convenience store a week later and fled in a red Ford Focus. The driver of the Ford Focus, who knew Sexton, looked at photos from surveillance video of the previous robberies. He pointed out that Sexton wore the same gray basketball shoes (which he referred to as "Jordans") during the first and last robberies.

Peterson's affidavit listed several facts that connected Slizewski and his car to the robberies. First, Sexton had Slizewski's contact information in his phone and called Slizewski from jail to tell him to change his number. Second,

Slizewski drove to meet his probation officer in a car that re-sembles cars seen in two of the robberies. Third, after police arrested Slizewski for a probation violation, they observed in plain view of the inside of his impounded car two clothing items associated with the crimes: a red St. Louis Cardinals baseball cap and "a pair of gray and white basketball shoes." Fourth, Slizewski "appears to possibly be mixed race accord-ing to his Dane County Jail booking photo." Finally, when Slizewski called his girlfriend from jail, he "repeatedly" told her to "find where his car is, get it back, and get 'the stuff' out of it" or his "life is over."

A state judge concluded that probable cause existed to search Slizewski's rental car and granted the search warrant. Officers found a firearm in the trunk, which Slizewski is prohibited from possessing as a result of a previous felony conviction.

Slizewski moved to suppress the firearm. He argued that Peterson had intentionally or recklessly misstated or omitted five points. (1) Slizewski's rental car is not identical to the car in the surveillance video of third robbery; (2) The gray bas-ketball shoes in the back of Slizewski's car were "LeBrons," not "Jordans"; (3) No suspect wore a St. Louis Cardinals hat during any robbery; (4) Slizewski does not appear mixed-race in his booking photo, which Peterson omitted from his affidavit; and (5) Slizewski faced a potential parole revoca-tion; had Peterson's affidavit included that fact, it would have negated an inference that Slizewski thought his life was over because of the armed robberies. Slizewski asked for a *Franks* hearing, *see Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether, in light of these problems, the search was unlawful.

A magistrate judge recommended that the district court deny the motion to suppress and the request for a *Franks* hearing. He reasoned that, even if he granted Slizewski's contentions, Peterson supplied ample, truthful reasons to believe that evidence of the armed robberies was in the car. Namely: Sexton (himself a suspect) kept Slizewski's contact information on his phone; Sexton called Slizewski from jail to warn him to change numbers; gray basketball sneakers in Slizewski's car closely matched the description of shoes identified at two robberies; and a St. Louis Cardinals hat, seen on a suspect in a surveillance photo taken shortly before one robbery, was also in Slizewski's car. The district court adopted the magistrate judge's recommendation over Slizewski's objection.

Slizewski pleaded guilty but reserved his right to appeal the denial of his motion to suppress, *see* Fed. R. Crim. P. 11(a)(2). The district court sentenced Slizewski to 180 months' imprisonment.

## II. ANALYSIS

On appeal, Slizewski challenges the district court's refusal to conduct a *Franks* hearing. He insists that the state judge would not have found probable cause to search his car if Peterson had not omitted crucial facts and included misleading statements. We disagree.

The district court permissibly denied Slizewski's motion. The Fourth Amendment requires district courts to hold a *Franks* hearing when "the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," if that "al-

legedly false statement is necessary to the finding of proba- ble cause." *Franks*, 438 U.S. at 155–56; *see United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009). Because these ele- ments are hard to prove, *Franks* hearings are rarely required. *See Johnson*, 580 F.3d at 670; *United States v. Maro*, 272 F.3d 817, 822 (7th Cir. 2001). And no hearing was needed here be- cause the affidavit contains no intentional or material errors.

We turn first to the baseball cap. Slizewski asserts that Peterson misled the state judge into thinking that the hat was worn *during* a robbery. But, in fact, the affidavit truth- fully notes that a surveillance photo captured an image of a man in a Cardinals hat at the restaurant *before* the robbery took place. *See Johnson*, 580 F.3d at 670 (requiring defendant to show that "officer submitting the affidavit perjured him- self or acted recklessly because he seriously doubted or had obvious reason to doubt the truth of the allegations"). So there is no misstatement.

Slizewski next focuses on the shoes. He says that the shoes in the rental car are "LeBrons," a gray basketball shoe that is different from the gray basketball "Jordans" that a witness said Sexton wore. But no evidence suggests that Pe- terson *knew* that these two types of gray basketball shoes are branded differently. Instead he argues that Peterson should have learned the difference. But an affiant's negligence does not justify a *Franks* hearing. *See Johnson*, 580 F.3d at 671; *see also United States v. Swanson*, 210 F.3d 788, 791 (7th Cir. 2000) (describing allegation that "investigators should have done more work" as insufficient to meet "high standard re- quired for convening a *Franks* hearing"). As the district court noted, Peterson cannot be expected to be "as attuned to the various models of Nike basketball shoes as the clerks at Foot

Locker." And for all Peterson knew, the witness who called the gray basketball shoes "Jordans" was himself mistaken. At oral argument Slizewski argued that, since time was not of the essence, the officer could have easily obtained a still photo from the camera recording of the first robbery; he then could have compared the shoes seen on the suspect with the shoes visible in the backseat of the car and determined whether the shoes were the same. But Slizewski never put into the record the still photo of the suspect wearing the gray basketball shoes, so the district court could not evaluate whether the photo was useful. Without the photo in the record, the court did not abuse its discretion in finding that no *Franks* hearing was required.

Slizewski next addresses the cars. He contends that Peterson misled the state judge by suggesting that Slizewski's car resembles cars seen in the two robberies, but omitting that Slizewski's is an Impala and the car in the surveillance video of the third robbery was a Malibu. But those two cars are similar—both are black, four-door Chevy sedans with similar body shapes and taillights. True, they are not identical—the license plates hang slightly differently and one car has five-spoke wheels while the other has six spokes. But negligence in not noticing those slight differences does not justify a *Franks* hearing. *See Johnson*, 580 F.3d at 671. In any event, a witness to the second robbery said that the suspect used a black sedan "similar" to a Malibu. And as the magistrate judge noted, "the Malibu is the Impala's little brother." Thus Slizewski has not shown that Peterson made an intentional misstatement about the cars' similarity.

Finally Slizewski attacks how Peterson described Slizewski's call to his girlfriend. He argues that Peterson

omitted telling the state judge about his criminal history; had he done so, the judge could have inferred that Slizewski thought his "life was over" because of a potential probation violation, not because he feared evidence of the robberies was in his car. But the omission is irrelevant: the state court judge already knew Slizewski was on a state probation hold, so the judge was aware of the context for Slizewski's statement.

### III. CONCLUSION

Probable cause that the car contained evidence of the robberies was adequately based on the sworn presence of the Cardinals cap and basketball shoes in the car, its renter's (Slizewski's) substantial contacts with another suspect in the robberies, and Slizewski's incriminating call to the girlfriend. *See Gutierrez v. Kermon*, 722 F.3d 1003, 1008 (7th Cir. 2013) (describing probable cause as "practical, commonsense standard"); *United States v. Hines*, 449 F.3d 808, 814 (7th Cir. 2006) (same). Accordingly no *Franks* hearing was necessary.

Because the district court permissibly denied the *Franks* hearing and motion to suppress, we affirm the district court's judgment.