NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020
Decided April 6, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1792

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-CR-00805(1) |
| BRYAN TOTH,<br>*Defendant-Appellant.* | Robert W. Gettleman,<br>*Judge.* |

**O R D E R**

While Bryan Toth was on home confinement following his incarceration for a conviction for possession of child pornography, federal agents searched his home and found several images and a video of child pornography that he had shared and discussed with others. He later pleaded guilty to another count of possessing and transporting child pornography. 18 U.S.C. § 2252A(a)(1). Because of his first conviction, he was subject to a statutory minimum prison sentence of 15 years. *Id.* § 2252A(b)(1). The district court sentenced him to that term, which had become the low end of his guidelines range of 180 to 210 months. Without objection, the court also imposed 20

years' supervised release and, based on the parties' agreement, ordered a total of $75,000 in restitution to five victims. *See id.* § 2259.

Toth appealed, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Toth requested new counsel but has not otherwise responded to his lawyer's motion. *See* CIR. R. 51(b). Because counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel has identified. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by telling us that he advised Toth about the risks and benefits of challenging his guilty plea, and that Toth does not wish to do so. For that reason, he appropriately refrains from discussing the voluntariness of Toth's plea or the adequacy of the plea colloquy. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel then considers whether Toth could challenge his sentence but correctly concludes that any appellate argument would be frivolous. Counsel does not identify any potential errors in the calculation of the guidelines range (or any other procedural shortcoming), which Toth agreed with in the district court. And counsel rightly passes over discussing whether Toth could challenge the substantive reasonableness of his sentence. Not only do we presume sentences within the guidelines range to be reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), in this case the district court lacked the discretion to impose a sentence below the statutory minimum of 180 months. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009).

Instead, counsel focuses on whether Toth could reprise his primary argument in the district court: that the statutory minimum sentence in 18 U.S.C. § 2552A(b)(1) violates the Eighth Amendment's prohibition on cruel and unusual punishment. But a sentence violates this standard only if it is grossly disproportionate to the defendant's crime, and successful challenges to the proportionality of a particular sentence are "exceedingly rare." *See Ewing v. California*, 538 U.S. 11, 21 (2003) (citation omitted). Though Toth presented evidence of childhood abuse, trauma from his prior incarceration (guards laughed at him when he reported threats of rape from other prisoners), and a sincere desire to change, we agree that his case would not be the rare one in which comparing the crime with the sentence leads to an inference of gross disproportionality. *See Ewing,* 538 U.S. at 30. As counsel notes, we have previously determined that § 2552A(b)(1)'s 15-year statutory minimum term of imprisonment was not a grossly disproportionate sentence for a recidivist offender convicted of the same

crime who had a similarly mitigating background. *See United States v. Gross*, 437 F.3d 691, 694 (7th Cir. 206), *cert. denied*, 548 U.S. 913 (2006). In doing so, we rejected the argument that the non-violent nature of child-pornography possession reduces the gravity of the offense. *Id.* at 693–94. We also explained that, though a defendant's previous victimization may lessen his culpability, culpability is not the only consideration in crafting a just punishment. *Id.* at 694.

In light of this analysis, we deny Toth's request for substitute counsel, and we GRANT the motion to withdraw and DISMISS the appeal.